# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9275 | **DATE** | 11/26/2012 |
| **CASE TITLE** | *White v. Chicago Park District* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, plaintiff's motions for leave to proceed in forma pauperis [4-1] and for appointment of counsel [5-1] are denied. Plaintiff shall pay the $350 filing fee within 14 days of the date of entry of this order or her complaint may be dismissed.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff filed an employment discrimination complaint against the Chicago Park District. She seeks leave to proceed in forma pauperis. Under 28 U.S.C. § 1915(e)(2), the Court must look beyond plaintiff's financial status and review the complaint's allegations to determine whether the action she alleges is frivolous or malicious, fails to state a claim on which relief may be granted, or if he is seeking damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Jones v. Bock*, 549 U.S. 199, 214 (2007) (grounds for sua sponte dismissal of in forma pauperis cases set forth in 28 U.S.C. § 1915(e)(2)(B)). Plaintiff alleges that she was discriminated against because of her sex and "in retaliation" in violation of her rights under Title VII. (Dkt. # 1 at 4.) In order to state a claim, "[a] complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citation omitted). While sparse, plaintiff's complaint meets this low hurdle in this case. Nor does it appear that the action is frivolous or malicious or that she is seeking damages from an immune party, the Chicago Park District. Thus, the complaint passes muster under § 1915(e)(2). However, plaintiff's motion to proceed in forma pauperis is denied. While plaintiff indicates that she is unemployed, she is receiving approximately $800/month in unemployment benefits and her husband has an income of $4500/month. Given this level of income, the Court cannot conclude that plaintiff is unable to pay the $350 filing fee. Plaintiff is directed to pay the fee within 14 days of the date of entry of this order or her complaint may be dismissed.

Plaintiff also seeks appointment of counsel. While "[t]here is no constitutional or statutory right to counsel in federal civil cases," the Court has "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (*citing Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir.2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir.2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir.1993)). In determining whether to request counsel to represent plaintiff, this Court considers whether: (1) plaintiff "has made reasonable attempts to secure counsel on his own;" and, if

| STATEMENT |
|---|
| so, (2) "the complexity of the case and whether the plaintiff appears competent to litigate it on h[er] own." *Romanelli*, 615 F.3d at 851–52 (*citing Pruitt*, 503 F.3d at 654–55).<br><br>After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case at this time. Plaintiff has articulated colorable claims and indicates she is college-educated. In addition, neither the claims, including gender discrimination and retaliation, nor the evidence that might support her claims are so complex or intricate that a trained attorney is necessary. Thus, the Court declines to appoint counsel for plaintiff at this time; however, it is willing to revisit the issue at a later time, if necessary. |